UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERIUM SKINCARE, INC., on behalf of itself and in a derivative capacity for Nerium International, LLC, and NERIUM BIOTECHNOLOGY, INC., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-1217-B |
| NERIUM INTERNATIONAL, LLC, JEFF A. OLSON, and JO PRODUCTS, LLC, | § § § § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Nerium International, LLC, Jeff A. Olson, and JO Products, LLC's Motion to Enforce Protective Order, and for Order to Show Cause and for Sanctions. Doc. 205. The Court referred this Motion to Magistrate Judge Horan. Doc. 207. After full briefing and a hearing, Judge Horan issued his Findings, Conclusions, and Recommendation. Doc. 247. Plaintiffs timely objected to Judge Horan's Findings, Conclusions, and Recommendation. Doc. 255. For the reasons explained below, the Court **OVERRULES** Plaintiffs' Objection and **ACCEPTS** and **ADOPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Federal Rule of Civil Procedure 72(a) provides that a "district judge . . . must consider timely objections" to a magistrate judge's order on a non-dispositive matter "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rule 72(a)'s

"'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)). The "contrary to law" language, on the other hand, refers to the magistrate's legal conclusions, which are "reviewable *de novo*, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions." *Arters v. Univision Radio Broad. TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285, at *2 (N.D. Tex. May 12, 2009) (alteration in original) (internal quotation marks omitted) (quoting *Lahr*, 164 F.R.D at 208). An "abuse of discretion standard governs review of 'that vast area of choice that remains to the [magistrate judge] who has properly applied the law to the fact findings that are not clearly erroneous.'" *Id.* (alteration in original) (quoting *Lahr*, 164 F.R.D. at 208). Overall, Rule 72(a)'s framework for review is "highly deferential." *Blue v. Hill*, No 3:10-CV-2269-L, 2014 WL 2217334, at *2 (N.D. Tex. May 29, 2014).

By way of review, the Court entered an Agreed Protective Order in this case on June 10, 2016, which outlined procedures for handling "confidential information" in the course of this litigation. Doc. 22. On February 9, 2017, Plaintiff Nerium SkinCare, Inc. filed its Brief in Support of Application to Compel Statutory Records Inspection. Doc. 193. Plaintiff did not file this brief under seal, though it cited repeatedly to a corresponding appendix (Doc. 194) which Plaintiff *did* file under seal and which contained numerous documents designated "confidential" pursuant to the Agreed Protective Order. Two weeks later, Plaintiffs filed their Motion for Expedited Relief to Set Summer Trial Date, and/or Consider Motion to Terminate Company, and to Appoint Limited Receiver Pending Trial. Doc. 201. Again, Plaintiffs did not initially file this document under seal;

however, the following day, Defendants filed a motion to seal this document in accordance with the Agreed Protective Order, which Plaintiffs did not oppose and which the Court granted. Doc. 203, Mot. to Seal; Doc. 204, Order Granting Mot. to Seal. A week later, Defendants filed the Motion to Enforce Protective Order, and for Order to Show Cause and for Sanctions, and Brief in Support (Doc. 205), which the Court referred to Magistrate Judge David Horan. Doc. 207.

After reviewing the parties' briefing and hearing oral argument on Defendants' Motion, Judge Horan issued his Findings, Conclusions, and Recommendation. Judge Horan found "(1) that the Agreed Protective Order was in effect when Plaintiff Nerium Skincare, Inc. [sic] filed its Brief in Support of Application to Compel Statutory Records Inspection on February 9, 2017; (2) that the Agreed Protective Order was a definite and specific court order requiring Plaintiffs to perform or refrain from performing a particular act or acts with knowledge of that order—and specifically required Plaintiff Nerium Skincare, Inc. [sic] to treat Confidential Information in certain ways—including that '[n]o materials designated "Confidential" may be filed with the Court absent a request by the parties that such materials be either entered under seal or otherwise protected from public disclosure'; and (3) that Plaintiff Nerium Skincare, Inc. [sic] failed to comply with the Agreed Protective Order by, despite filing documents and deposition testimony designated as Confidential Information in a sealed Appendix to Plaintiff's Brief in Support of Application to Compel Statutory Records Inspection, failing to file under seal the Brief in Support of Application to Compel Statutory Records Inspection or Plaintiffs Nerium SkinCare, Inc. and Nerium Biotechnology, Inc.'s Motion for Expedited Relief to Set Summer Trial Date, and/or Consider Motion to Terminate Company, and to Appoint Limited Receiver Pending Trial, which each cite, repeat, or quote specific information

from the same documents that are included in the appendix and designated as Confidential Information." Doc. 247, Findings, Conclusions, & Recommendation 19–20 (internal citations omitted). Accordingly, Judge Horan recommended that the Court seal Plaintiff's records inspection brief and order Plaintiffs to appear and show cause why they should not be held in civil contempt for violating the Court's Agreed Protective Order. *Id.* at 23–24.

Plaintiffs object to the Magistrate's findings, arguing primarily that the Agreed Protective Order allows parties to "describe aspects of materials that are not confidential" and that "[n]one of the information described by Plaintiffs was confidential" anyway. Doc. 255, Pls.' Objs. 8, 13. Plaintiffs contend that Judge Horan's findings are subject to *de novo* review because they are either "a contempt order" or a "legal conclusion." *Id.* at 8.

First, the Court notes that Judge Horan's findings constitute neither a final order of contempt nor a legal conclusion. Judge Horan merely certified facts which he found to this Court and made a recommendation that the Court order Plaintiffs to appear for a show cause hearing, only after which could there be a final order of contempt. *See* Doc. 247, Findings, Conclusions, & Recommendation 16 ("The undersigned, pursuant to 28 U.S.C. §§ 636(b) and 636(e)(6), now certifies the following facts . . . ."). However, even upon *de novo* review, the Court agrees with the findings of the Magistrate and for the same reasons. Plaintiffs have clearly done more here than generally describe non-confidential aspects of documents designated as "Confidential" in accordance with the Agreed Protective Order. And—as Judge Horan noted—whether the documents designated as "Confidential" under the Protective Order ever truly contained "confidential" information, and whether Defendants had already publicly revealed aspects of those documents, does "not affect

whether [Plaintiffs] violated the Agreed Protective Order." *Id.* at 21.

Here, there was a Protective Order in place. It described the process for designating documents as "Confidential," which Defendants followed. Per the Protective Order, such information could only be filed with the Court under seal. If Plaintiffs disagreed that a document so designated truly contained confidential information, the Protective Order provided mechanisms for challenging that designation. But until it was agreed or determined otherwise, the parties were required to afford the documents and the information contained within them "Confidential" treatment. Thus, Plaintiff cannot argue here that information in its unsealed briefs drawn from materials marked "Confidential"—which Plaintiffs rightly filed under seal—was not confidential information. Therefore, the Court agrees with the Magistrate that clear and convincing evidence shows that a definite and specific court order was in place and that Plaintiffs violated that order by filing their records inspection brief and their motion for a summer trial date in the public record without sealing them.

Accordingly, the Court directs the Clerk to seal Plaintiff Nerium SkinCare, Inc.'s Brief in Support of Application to Compel Statutory Records Inspection (Doc. 193) pursuant to the Court's Agreed Protective Order. Doc. 22. Additionally, Plaintiffs Nerium SkinCare, Inc. and Nerium Biotechnology, Inc. are hereby **ORDERED** to appear and **SHOW CAUSE** why they should not be held in civil contempt for violating the Court's Agreed Protective Order and be subject to appropriate judicial sanctions to coerce compliance with the Court's Order and/or compensate Defendants Nerium International, LLC, Jeff A. Olson, and JO Products, LLC for any losses sustained as a result of Plaintiffs' noncompliance. Parties should be prepared to discuss this issue at the June

14, 2017 Status Conference. *See* Doc. 240. No additional briefing is necessary at this time.

**SO ORDERED.**

**SIGNED: June 1, 2017.**

*[signature]*

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**