UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERIUM SKINCARE, INC., on behalf of itself and in a derivative capacity for Nerium International, LLC, and NERIUM BIOTECHNOLOGY, INC., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-1217-B |
| NERIUM INTERNATIONAL, LLC, JEFF A. OLSON, and JO PRODUCTS, LLC, | § § § § | |
| Defendants. | § | |

**ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION**

On June 28, 2017, the Court appointed, pursuant to Federal Rule of Civil Procedure 53, retired United States Magistrate Judge Jeff Kaplan as the Special Master in this case. Doc. 281, Order Appointing Special Master. On July 3, 2018, Judge Kaplan issued a report and recommendation on the parties' motions to exclude the testimony of certain expert witnesses. Doc. 521, Notice of R&R.

Having reviewed Judge Kaplan's Report and Recommendation, the parties' objections to the report, and responses to those objections, the Court **ADOPTS** Judge Kaplan's report **except as follows**.

First, the plaintiffs moved to exclude Lawrence Ranallo's testimony. They argued that the Court should exclude Ranallo's testimony in part because Ranallo did not disclose that Price Waterhouse Coopers (PWC) employees helped him to prepare his expert report. But the plaintiffs did not make this argument until their reply in support of their motion to exclude. Because the

plaintiffs raised the argument only in their reply, Judge Kaplan declined to rule on it. Now, the plaintiffs say they raised the argument as soon as they could, and they contend that Judge Kaplan should have considered their argument or that the argument is properly before the Court anyways. The Court declines at this time to decide whether to exclude Ranallo's testimony based on his alleged failure to disclose PWC's work on his expert report but will rule on the admissibility of Ranallo's testimony at the pretrial conference. The Court **directs the defendants to supplement** their response to the plaintiffs' objection to Judge Kaplan's report and recommendation with briefing responding to the plaintiffs' argument that the Court should exclude Ranallo's testimony because of his failure to disclose the work that PWC performed on his report. **The defendants should file this briefing by 5:00pm on Wednesday, July 25**.

Second, the defendants moved to exclude the testimony of Lori Jones, Herjit Pannu, and Robert Newman. Judge Kaplan recommended that the Court deny the defendants' motion but ordered the plaintiffs to supplement their disclosures of these experts' opinions and allowed the defendants to depose Lori Jones again. Even after the supplemental disclosures and deposition, the defendants maintain that the Court should prevent Jones, Pannu, and Newman from offering expert opinions at trial. The Court continues to consider the briefing on this argument, and though the Court declines to adopt Judge Kaplan's report and recommendation on Jones, Pannu, and Newman at this time, the Court will decide whether to exclude these witnesses' testimony at the pretrial conference.

Aside from those two exceptions: the court adopts in full Judge Kaplan's report and recommendation. The Court denies the motions to exclude the testimony of:

1. Erica Bramer

2. Clifford Wright

3. Todd Burchett

4. Trevor Scofield

**SO ORDERED.**

**SIGNED: July 20, 2018.**

*[signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE